IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROOSEVELT HARRIS, | : | CIVIL CASE |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants. | : | NO. 13-02888 |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                      **March 11, 2014**

### I.   Introduction

Plaintiff Roosevelt Harris, a state prison inmate, filed a Complaint on May 23, 2013. ECF 1. In his complaint, Plaintiff asserts:

(a) § 1983 Claims under the Eighth Amendment against Commonwealth of Pennsylvania's Department of Corrections ("DOC") in Counts I and III;

(b) § 1983 Claims under the Eighth Amendment against two prison physicians, Dr. Vivian Gandy ("Gandy") and Dr. Benjamin Robinson ("Robinson"), in Counts II and III respectively;

(c) a state law negligence claim against DOC in Count IV;

(d) and a state law medical malpractice claim against Gandy and Robinson in Count V

On October 16, 2013, Defendants DOC and Robinson each filed Motions to Dismiss Plaintiff's complaint. ECF 10; ECF 11.  Plaintiff responded to Robinson's and DOC's motions on October 24, 2013 and November 18, 2014, respectively.  ECF 12; ECF 17.  On October 24,

2013, Robinson filed a motion for joinder as to DOC's argument regarding lack of jurisdiction for Plaintiff's failure to exhaust administrative remedies. ECF 13.

Defendant Gandy was not properly served in this action because she no longer works for the same employer and could not be located by the process server. ECF 6.

For reasons that follow, DOC's motion is GRANTED, Robinson's motion is GRANTED WITH PREJUDICE as to Count III, and Plaintiff's complaint against Gandy is DISMISSED without prejudice for lack of service. The Court declines to exercise supplemental jurisdiction the remaining state law medical malpractice claim against Robinson in Count V. 28 U.S.C. § 1367(c)(3).

## II. Plaintiff's Factual Allegations

Plaintiff, Roosevelt Harris, is a state prison inmate. Plaintiff was incarcerated at two State Correctional Institutions, one in Camp Hill, PA ("SCI-Camp Hill"), and the other in Chester, PA ("SCI-Chester"). The same set of facts gives rise to all claims against all defendants.

### Events at SCI-Camp Hill

As alleged in the complaint, Plaintiff suffered an ankle injury on August 12, 2012 while playing basketball in the yard at SCI-Camp Hill. ECF 1 ¶ 14. Plaintiff alleges that he was injured due the condition of the basketball court, which was in a state of disrepair with cracked and broken concrete. Id. at ¶¶ 12–13. On the day Plaintiff was injured, a doctor treated Plaintiff's injury and ordered an x-ray for the following day. Id. at ¶ 19.

On the day of the x-ray, Dr. Vivian Gandy (unserved defendant) assessed Plaintiff's injury and "cursorily examined" the x-ray film. Id. at ¶ 23. Dr. Gandy informed Plaintiff that his x-ray was "unofficially negative", and "prescribed that the Plaintiff take Motrin, but failed to . . . indicate that it be taken in any particular amount." Id. at ¶¶ 23, 27. Plaintiff alleges that Dr.

Gandy would have appreciated the severity of his injury if she had examined the x-ray film more carefully. Id. at ¶¶ 23–24.

On August 14, 2012 a radiologist examined the x-ray film and determined that Plaintiff had fractured his ankle. Id. at ¶ 25. Dr. Gandy documented this diagnosis and put Plaintiff's ankle in a "half cast." Id. at ¶ 28. Plaintiff alleges that Dr. Gandy later altered the report to falsely reflect that Plaintiff had only sprained his ankle. Id. at ¶ 28.

**Events at SCI-Chester**

Plaintiff was transferred from SCI-Camp Hill to SCI-Chester on August 20, 2012. Id. at ¶ 34. Plaintiff reported to "sick call" three times during his first two weeks at SCI-Chester. At his first visit, Plaintiff complained of right ankle swelling, and a physician assistant (PA) treated his injury. Id. at ¶ 35. The next visit, Plaintiff requested a pair of crutches. Id. at ¶ 39. During his third visit, a doctor x-rayed plaintiff's ankle through the "half cast" already in place. The x-ray showed that the fracture could not be identified and the bones had apparently aligned. Id. at ¶ 43.

On October 4, 2012, Plaintiff returned to sick call and requested a doctor. Id. at ¶ 50. The PA treated Plaintiff, told Plaintiff to begin using a cane, and put in a request for an orthopedic consultation. Id. at ¶ 51. On October 10, 2012 a third x-ray was taken, which showed soft-tissue swelling and no fracture. Id. at ¶ 53. Two days later, Plaintiff returned to sick call to request a cane because it had not yet been provided to him. Id. at ¶ 52.

On October 25, 2012, Dr. Benjamin Robinson (moving defendant) examined Plaintiff's charts and x-rays and indicated on Plaintiff's record that there was no evidence of a fracture. Id. at ¶ 54. Robinson diagnosed Plaintiff with a "soft tissue abnormality," prescribed physical therapy, and requested an orthopedic consultation from a specialist. Id. at ¶ 55.

Plaintiff returned to sick call on November 8, 15, and 29, 2012.  On all three occasions he was treated by a PA.  Id. at ¶¶ 57, 59, & 60.  On November 8, the PA documented that Plaintiff's ankle was swollen and had a decreased range of motion.  Id. at ¶ 57.  He prescribed Elavil for sleep and told him to come back to sick call as needed.  Id. at ¶ 57.  On November 15, the PA "referred [Plaintiff] to a doctor."  Id. at ¶ 59.  It is unclear from the complaint whether Plaintiff saw a doctor on this day.  On November 29, the PA documented that Plaintiff's ankle was swollen, and indicated in Plaintiff's medical records that the October 26, 2012 consultation record should be examined.  Id. at ¶ 61.

On December 4, 2012, an unidentified consultant wrote in Plaintiff's records that Plaintiff had "significant range of motion and strength deficiencies in his right ankle as well as gait dysfunction."  The consultant recommended a "comprehensive rehabilitation program."  Id. at ¶ 63.  Robinson reviewed this report, and wrote a consultation review on December 6, 2012, ordering a "second physical therapy consultation."  Id. at ¶ 66.  Plaintiff alleges that Robinson falsified Plaintiff's medical records, changing the date of his October 26, 2012 and December 6, 2012 reports to November 26, 2012 and December 26, 2012 respectively.  Id. at ¶¶ 56. 66.

On January 3, 2013, a consultant documented in Plaintiff's medical records that Plaintiff received various physical therapy exercises, and that Plaintiff would need to "learn how to walk again."  Robinson co-signed this report.  Id. at ¶¶ 68–70.

### III. Claims Against Defendant DOC

Plaintiff asserts two claims against DOC:  (1) an Eighth Amendment violation claim pursuant to § 1983 and (2) a state law negligence claim for negligent maintenance of state property.  ECF 1.  Defendant DOC filed a Motion to Dismiss, arguing that Plaintiff's claims are barred by Eleventh Amendment sovereign immunity.  ECF11.  Plaintiff responds to this motion

by conceding to DOC's arguments, and requests this Court to dismiss DOC as a defendant in this action.  ECF 17.  All claims against DOC are therefore dismissed.

## IV.    Claims Against Defendant Dr. Benjamin Robinson

### A.  Parties' Arguments

Plaintiff asserts two claims against Robinson:  (1) a § 1983 action for an Eighth Amendment violation, averring that Robinson was deliberately indifferent to Plaintiff's serious medical need, and (2) a medical malpractice state law claim based on Robinson's treatment of Plaintiff's injury.  Plaintiff alleges that Robinson "delay[ed] medical treatment for the Plaintiff, misdiagnos[ed] Plaintiff's injuries . . . and alter[ed] his medical records."  Plaintiff alleges that this exposed him to a "substantial risk of serious injury."  ECF 1 ¶ 71.

Defendant Robinson filed a Motion to Dismiss for failure to state a claim, requesting dismissal of both the § 1983 and medical malpractice claims.  ECF 10.  In regards to the § 1983 action, Robinson argues that Plaintiff's complaint fails to allege "deliberate indifference" to Plaintiff's medical needs.  In particular, Robinson points out that Plaintiff's complaint details prompt care and treatment provided to Plaintiff for his injury.  Robinson characterizes Plaintiff's complaint as a dispute regarding the proper course of treatment, which does not give rise to an Eighth Amendment claim.

In his opposition brief to Defendant Robinson's Motion to Dismiss, Plaintiff focuses on the § 1983 action and does not address the medical malpractice claim. ECF 12. Plaintiff iterates that he has sufficiently stated a claim for an Eighth Amendment Violation, and that it is a mischaracterization to say that Plaintiff's claim amounts only to a disagreement among professionals.  ECF 12 at 9.  Plaintiff highlights the allegation that Robinson falsified medical records to show that Robinson was deliberately indifferent to his medical needs.  ECF 12 at 13–14.  In doing so, Plaintiff stresses the "wrongness" of falsifying records.  Id.

5

B. Analysis

1. Section 1983 Eighth Amendment Claim

a. Legal Standard

To survive a motion to dismiss, a plaintiff's complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element [of the claim]." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). That is, the well-pleaded facts in the complaint and attached exhibits viewed in the light most favorable to the plaintiff must state a plausible claim for relief. Phillips v. Cnty of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008). Conclusory allegations and "threadbare recitals" of the elements of a claim are insufficient to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Section 1983 enables plaintiffs to assert civil claims for deprivation of their constitutional rights against persons acting under the color of state law. The Eighth Amendment constitutionally protects prisoners against "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). "Unnecessary and wanton infliction of pain" may include failure to provide adequate inmate medical care because inmates rely on prison officials to treat their medical conditions. Estelle v. Gamble, 429 U.S. 97, 103–04 (1976). Failure to provide adequate medical care to an inmate may therefore form the basis of an Eighth Amendment § 1983 claim. Id.

To state an Eighth Amendment claim based on failure to provide medical care, the plaintiff must provide facts that show that the prison doctor or official was "deliberately indifferent to a serious medical need." Id. at 106; Spruill v. Gillis, 372 F.3d 218, 237–38 (3d Cir. 2004). To meet this standard, a plaintiff must show: (1) that his or her medical needs were objectively serious, and (2) that prison official(s) acted in deliberate indifference to those needs. Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346–47 (3d Cir. 1987).

The first prong is an objective inquiry, asking whether the medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Id. at 347. The second prong is a subjective inquiry, focusing on the prison official's actions and mental culpability. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

To show that a prison doctor acted with deliberate indifference, a plaintiff must allege facts that go beyond negligence. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (comparing deliberate indifference mental state to recklessness in the criminal law context). Deliberate indifference is sufficiently pled if the plaintiff alleges facts that support the inference that the prison doctor intentionally refused or delayed necessary treatment for non-medical reasons, or persisted in a particular course of treatment "in the face of resultant pain and risk of permanent injury." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); see also Spruill v. Gillis, 372 F.3d 218, 237–38 (3d Cir. 2004) (allegations that doctors "maliciously and sadistically" inflicted pain on plaintiff during physical therapy stated a § 1983 claim for an Eighth Amendment violation).

The "deliberate indifference" standard affords wide latitude to doctors to exercise their professional judgment in treating prisoner medical needs. Durmer v. O'Carroll, 991 F.2d 64, 67–69 (3d Cir. 1993); Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987). Notably, federal courts are reluctant to constitutionalize claims sounding in state medical malpractice law, particularly where the prisoner has received treatment and the dispute concerns the adequacy of the treatment. White v. Napoleon, 897 F.2d 103, 108–10 (3d Cir. 1990) ("There may, for example, be several ways to treat an illness."); Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

To illustrate, in Darden v. Laurie, the plaintiff fell onto a concrete floor and sustained injuries to his back. CIV.A. 05-2118, 2006 WL 120037 (E.D. Pa. Jan. 13, 2006). He asserted a § 1983 claim against prison doctors, alleging that the doctors failed to treat his injuries, and were deliberately indifferent to his serious medical needs. In his complaint, the plaintiff alleged that he was not seen by a doctor for five days following his accident, despite complaining that he was in severe pain. He also alleged that the doctors inaccurately diagnosed his injuries, and did not provide him with a "wheelchair, cane or walker" which resulted in permanent damage and prevented him from finding employment. The court dismissed the plaintiff's complaint for failure to state a claim, finding persuasive that the plaintiff documented the regular and consistent treatment he received from his treating physicians in his complaint. The court noted that the plaintiff's arguments were essentially disagreements about the proper course of treatment which did not amount to constitutional violations. The plaintiff appealed. The Third Circuit endorsed the District Court's reasoning and dismissed the appeal in unpublished opinion. Darden v. Laurie, 193 F. App'x 169 (3d Cir. 2006).

### b. Application to Facts

Robinson does not challenge that Plaintiff's medical needs were objectively serious, so this Court's focus is on the subjective prong of the Estelle test. 429 U.S. 97, 103–04 (1976). On this prong, viewing Plaintiff's allegations in the light most favorable to him, Plaintiff has not alleged facts which support any inference that Robinson acted with deliberate indifference to Plaintiff's serious medical need. As such, Plaintiff has failed to state a § 1983 claim for an Eighth Amendment violation against Robinson. Therefore, Robinson's motion to dismiss is granted with prejudice as to Count III of the complaint.

Plaintiff has not alleged facts that go beyond negligence. To support his § 1983 claim, Plaintiff relies primarily on his allegation that Robinson falsified his medical records to

inaccurately reflect when Plaintiff received treatment.  However, Plaintiff does not allege how this falsification affected his medical treatment.  In fact, Plaintiff does not provide any explanation as to how changing the date of his reports would show that Robinson was deliberately indifferent to Plaintiff's medical needs.  Instead, in his response to Defendant Robinson's motion, Plaintiff focuses on the essential "wrongness" of submitting false medical reports.  This allegation of falsifying medical reports, without more, does not support the inference that Robinson was deliberately indifferent to Plaintiff's serious medical need. Compare Rivera v. Tennis, CIV.A. 1:09–0888, 2010 WL 2838603 (M.D. Pa. May 20, 2010) (allegations of falsifying medical records without explanation as to how the falsification affected medical treatment insufficient to state a § 1983 claim for Eighth Amendment violation), with Curbeam v. Montgomery Cnty. Corr. Facility, CIV.A. 12-2309, 2013 WL 315719 (E.D. Pa. Jan. 28, 2013) (complaint alleging that nurse falsely recorded that plaintiff did not want medical treatment causing a 21-day delay in treatment stated a § 1983 claim for Eighth Amendment violation).

Plaintiff does not allege facts to support any inference that Robinson intentionally refused or delayed necessary treatment for non-medical reasons. Plaintiff's conclusory allegation that Robinson "delayed" treating him is insufficient because it has no factual allegations to support it. To the contrary, as the plaintiff in Darden, 2006 WL 120037 (E.D. Pa. Jan. 13, 2006) (discussed above), Plaintiff documents the regular treatment that he received from Robinson and other medical professionals.  The "deliberate indifference" standard affords wide latitude to doctors to exercise their professional judgment in treating prisoner medical needs, and here the facts as alleged by Plaintiff indicate that Robinson exercised his professional judgment.  Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993).  Though Plaintiff emphasizes in his response to

Robinson's motion to dismiss that he should have been given more treatment than "just physical therapy"; this claim amounts to a disagreement as to the proper course of medical treatment, and does not constitute an Eighth Amendment violation. White v. Napoleon, 897 F.2d 103, 108–10 (3d Cir. 1990).

The Court concludes that Plaintiff does not have grounds to sue Robinson under the Eighth Amendment so leave to amend will not be granted because Plaintiff has set forth a detailed factual summary and the facts taken in the light most favorable to Plaintiff cannot satisfy the requirements Eighth Amendment jurisprudence.

### 2. State Law Malpractice Claim

Federal jurisdiction for this claim is supplemental to 28 U.S.C. § 1331 jurisdiction for Plaintiff's § 1983 claims. 28 U.S.C. § 1367(a). As there are no § 1983 claims remaining, this Court declines to exercise supplemental jurisdiction over the state law medical malpractice claim against Robinson. 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Therefore, Count V as to Robinson is dismissed.

### IV. CONCLUSION

At the request of both parties, Plaintiff's claims against DOC are dismissed. Plaintiff failed to adequately serve Gandy, so the claims against her are also dismissed. Fed. R. Civ. Proc. 4(m). For the reasons stated above, Plaintiff has not alleged sufficient facts to support his § 1983 claim for an Eighth Amendment violation against Robinson. Therefore, Count III of the complaint is dismissed with prejudice. This Court declines to exercise supplemental jurisdiction over the remaining state law medical malpractice claim against Robinson. 28 U.S.C. § 1367(c)(3).

An appropriate Order follows.